FILED
AUG 1 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS, Pro Se            *
3010 22nd Street, Southeast     *
Washington, DC  20020-2702      *
(202) 678-1749       Plaintiff, *
             v.                 *
                                *  CIVIL ACTION NO. _____
ANTHONY WILLIAMS, MAYOR,
EXECUTIVE OFFICER OF THE           CASE NUMBER  1:05CV01621
DISTRICT OF COLUMBIA
1350 Pennsylvania Avenue, Northwest  JUDGE: Emmet G. Sullivan
Washington, DC 20004
(202)727-1000       Defendant,     DECK TYPE: Employment Discrimination
        And
                                   DATE STAMP: 08/12/2005

S. ELWOOD YORK, JR., DIRECTOR   *
DC Department of Corrections    *
1923 Vermont Avenue, Northwest  *
Washington, DC  20001           *
(202) 727-1000       Defendant. *

JURY ACTION

## COMPLAINT

Edna McManus, herein known as the Plaintiff comes now that Employer, Anthony Williams, Mayor of the District of Columbia and S. Elwood York, Jr., Director of District of Columbia, Department of Corrections, herein known as the Defendants, discriminated and terminated Plaintiff on February 28, 2003 from her Lead Legal Instruments Examiner's position while she was on a job sustained injury of February 26, 2002, with the District of Columbia Disability Compensation Program.

The Defendants discriminated and retaliated against Plaintiff for filing a complaint with United States Equal Employment Opportunity Commission (USEEOC) in 1999 and Plaintiff obtained a Right-To-Sue Letter. Plaintiff filed a

1

complaint in 2003 with the District of Columbia Office of Employee Appeals (EOA) seeking reinstatement to her position because Defendant wrongfully terminated her and violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. and section 504 of the Americans with Disabilities Act, 42 U.S.C. 12101 under Title 1 Section 102. The Plaintiff cites the following facts were discriminatory and retaliatory practices of the Defendants which led to her wrongful termination:

1. On 02/26/02, Plaintiff sustained left and right carpal tunnel hand injuries and notified supervisor, James Smith and;

2. On 02/27/02, Plaintiff saw Dr. Rafik D. Muawwad whose test and diagnosis determined Plaintiff was disabled from performing duties of her Lead Legal Instruments Examiner position and;

3. On 02/27/02, Plaintiff notified DC Disability Compensation Program (DCP) of Right and Left hand Carpal Tunnel Syndrome (CTS) injuries. Permanent Right hand job injury assigned claim number LT-DOC002683 for and Temporary Left Hand injury assigned claim number M5-DOC 002705 injury date, 02/26/02 and;

4. On 02/28/02, Plaintiff notified Records Office Chief Valerie Emerson of Right and Left CTS hand injuries and claim numbers and;

5. On March 27, April 11, May 06, June 03, September 17, and October 16, 2002, Defendant denied Plaintiff's request for Leave Without Pay and Advance Leave after providing medical documentation and;

6. On 09/10/02, former Warden Steven Smith, charged Plaintiff under Chapter 16 of the District Personnel Manual (DPM), unauthorized absences

known as Absent Without Official Leave (AWOL) and;

7. On 12/02/02, Defendant proposed termination of Plaintiff's position and selected a Disinterested Designee, Hearing Examiner Keith Godwin and;

8. On 12/09/02, Hearing Examiner Godwin found Plaintiff abandoned her position and recommended termination and;

9. On 02/28/03, Plaintiff was terminated from her position effective February 28, 2003 and;

10. Plaintiff was without an income from June 2002 until May 09, 2003 and;

11. Plaintiff suffered severe pain in both hands, sleep deprivation, hair loss, irritability, nervousness, stress, weight loss, and;

12. Plaintiff's marriage suffered break-ups, food shortages, delinquent payment of bills, lack of medication, and Plaintiff's spouse filed bankruptcy, and;

13. Defendant denied Plaintiff's request for advance leave and request for Leave Without Pay, and denied Plaintiff's return to work, and Defendant denied terminating Plaintiff and;

14. On 04/04/03, Hearings and Adjudications Administrative Law Judge for DC Disability Compensation Program approved Plaintiff's left hand injury of 02/26/02 and;

Therefore, Plaintiff is seeking a jury trial for primary relief of compensatory and punitive damages for pain and suffering in the sum of Five Hundred Thousand Dollars ($500,000.) for wrongful termination of employment pursuant to violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,

section 504 of the Americans with Disabilities Act, 42 U.S.C. 12101 under Title 1 Section 102.

*Edna McManus*
EDNA MCMANUS, PRO SE
3010 22nd Street, Southeast
Washington, DC 20020-2702
(202) 678-1749

DISTRICT OF COLUMBIA, ss:

Subscribed and sworn to me this __04__ day of August, 2005

*Mattie Renee Sheppard*
———————————————
Notary Public
Expires 10-31-07

STROKE VICTIM → *Mattie Renee Sheppard*

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2005 AUG -4 PM 6:47
NANCY M.
MAYER-WHITTINGTON
CLERK

4

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5061 4416

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 5, 2005

Ms. Edna Mc Manus
3010 22nd St., S.E.
Washington, DC 20020-2702

Re:  EEOC Charge Against District of Columbia, Dept. of Corrections
     No. 100200300800

Dear Ms. Mc Manus:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              R. Alexander Acosta
                              Assistant Attorney General
                              Civil Rights Division

                        by    *Karen J. Ferguson*
                              Karen L. Ferguson
                              Civil Rights Analyst
                              Employment Litigation Section

cc:  Pittsburgh Area Office, EEOC
     District of Columbia, Dept. of Corrections

U.S. Department of Justice
Civil Rights Division

Washington, D.C. 20530
Official Business
Penalty for Private Use $300

CERTIFIED MAIL

U.S. OFFICIAL MAIL