UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA MCMANUS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | CV-05-1621 (EGS) |
| **ANTHONY WILLIAMS, et al.,** : | |
| : | |
| **Defendants.** : | |
| _____: | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, Anthony Williams and S. Elwood York, Jr., by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(6)(b) and 56(b), respectfully move this Honorable Court to dismiss plaintiff's Complaint or in the alternative grant summary judgment in its favor. As grounds therefore, the Defendants state that Plaintiff's Complaint is untimely. A Memorandum of Points and Authorities in support of this Motion is attached hereto. Because this is a dispositive motion, no request for plaintiff's consent is required under Local Rule 7.1(m).

                                          Respectfully submitted,

                                          ROBERT J. SPAGNOLETTI
                                          Attorney General for the District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General, Civil Litigation Division

                                          _____/s/_____
                                          HOLLY M. JOHNSON [476331]
                                          Chief, General Litigation Section III

       /s/
_____
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

Case 1:05-cv-01621-EGS    Document 7    Filed 10/03/2005    Page 2 of 9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA MCMANUS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1621 (EGS) |
| ANTHONY WILLIAMS, et al., : | |
| : | |
| Defendants. : | |
| _____: | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The Court should dismiss the instant Complaint or in the alternative grant summary judgment in its favor because Plaintiff's Complaint is untimely.

**I.   STATEMENT OF FACTS:**

Plaintiff claims that on February 26, 2002, "she sustained left and right carpal tunnel hand injuries and notified supervisor, James Smith." See Plaintiff's Complaint ("Complaint"), ¶ 1. Plaintiff also claims that on February 27, 2002, "Plaintiff saw Dr. Rafik D. Muawwad whose test and diagnosis determined Plaintiff was disabled from performing duties of her Lead Legal Instruments Examiner position." Id., ¶ 2. Plaintiff further claims that on the same date, "Plaintiff notified DC Disability Compensation Program (DCP) of Right and Left hand Carpal Tunnel Syndrome (CTS) injuries." Id., ¶ 3. Plaintiff alleges that she had permanent right hand injury and temporary left hand injury. Id. Plaintiff also alleges that she notified Records Chief Valerie Emerson of the right and left CTS hand injuries. Id., ¶ 4. Plaintiff further claims that her March 27, April 11, May 6, June 3, September 17, and October 16 requests for Leave Without Pay and Advance Leave were denied. Id., ¶ 5.

Plaintiff claims that on September 10, 2002, former Warden Steven Smith charged Plaintiff with unauthorized absences. Id., ¶ 6. Plaintiff also claims that on December 2, 2005, Defendant proposed termination of Plaintiff and selected Disinterested Designee, Hearing Examiner Keith Godwin. Id., ¶ 7. Plaintiff further claims that on December 9, 2002, Hearing Examiner Godwin "found Plaintiff abandoned her position and recommended termination." Id., ¶ 8. Plaintiff claims that on February 28, 2005, she was terminated from her position. Id., ¶ 9. Plaintiff also alleges that she was without an income from June 2002 until May 9, 2003. Id., ¶ 10. Plaintiff further claims that on April 4, 2003, Hearings and Adjudications Administrative Law Judge for DC Disability Compensation Program approved Plaintiff's left hand injury of February 26, 2002. Id., ¶ 14. Plaintiff claims that the "defendants discriminated and retaliated against Plaintiff for filing a complaint with [the] United States Equal Employment Opportunity Commission (USEEOC) in 1999 and Plaintiff obtained a Right-To-Sue Letter." Id., p. 1.

## II.   STANDARD OF REVIEW:

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). The movant is therefore entitled to judgment if there are no allegations on the complaint that, even if proven, would provide a basis for recovery. Haynesworth v. Miller, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). Id. Rather, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal

conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 276 (1994).

### III. ARGUMENT:

**Plaintiff's Entire Lawsuit Must be Dismissed Because She Failed to Timely File Her Complaint**

Plaintiff's claims under Title VII and the ADEA are barred because she failed to timely file the instant lawsuit within ninety (90) days of receipt of the right-to-sue letter. Timely filing is a prerequisite to the maintenance of a Title VII and/or ADEA action in a federal court. A person aggrieved under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., who seeks to file a civil action must do so within ninety days from receipt of the Equal Employment Opportunity Commission right-to-sue notice. 42 U.S.C.S. § 2000e-5 (f)(1). See Griffin v. Acacia Life Ins. Co., 151 F. Supp. 2d 78 (D.C. 2001).

Plaintiff attaches to her Complaint, a copy of her right-to-sue letter date May 5, 2005 and the mailing envelope date stamped May 6, 2005. See Complaint, attachments. According to the Docket Sheet, Plaintiff's Complaint was filed on August 12, 2005. See Docket Sheet entry No. 1 in McManus v. Williams, et., al. Since there is the presumption that Plaintiff received the right-to-sue letter on May 9, 2005, three days after the right-to-sue letter was mailed, Plaintiff should have filed her Complaint in this action no later than August 8, 2005. See Griffin; See also, Perry v. Gallaudet Univ., 738 A.2d 1222 (D.C. 1999). Here, Plaintiff claims are barred as untimely because she filed her complaint 94 days after presumptive receipt of the right-to-sue letter. Therefore, Plaintiff's Title VII and ADEA claims must be dismissed with prejudice.

## IV. CONCLUSION

Based upon the foregoing, Defendant District of Columbia respectfully requests that judgment be entered in favor of the District on all claims.

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                /s/
                HOLLY M. JOHNSON [476331]
                Chief, General Litigation Section III

                /s/
                NICOLA N. GREY [492150]
                Assistant Attorney General
                441 Fourth Street, N.W.
                Sixth Floor South
                Washington, D.C. 20001
                (202) 724-6626
                (202) 727-3625 (fax)
                E-mail: nicola.grey@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EDNA MCMANUS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | CV-05-1621 (EGS) |
| **ANTHONY WILLIAMS, et al.,** : | |
| : | |
| **Defendants.** : | |
| _____: | |

## STATEMENT OF MATERIAL FACTS NOT AT ISSUE

Defendant, by and through undersigned counsel, and, pursuant to LCvR 7.1(h), submits the following statement of material facts as to which there is no genuine issue herein:

1. Plaintiff was mailed her right-to-sue letter on May 6, 2005 and received it by May 9, 2005. See Plaintiff's Complaint, attachments.

2. Plaintiff had until August 8, 2005, to file her Complaint.

3. Plaintiff filed her Complaint on August 12, 2005. See Exhibit A, annexed herewith, a copy of the Docket Sheet in McManus v. Williams, et., al.

                                      Respectfully submitted,

                                      ROBERT J. SPAGNOLETTI
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, Civil Litigation Division

                                      /s/
                                      HOLLY M. JOHNSON [476331]
                                      Chief, General Litigation Section III

                                      /s/
                                      NICOLA N. GREY [492150]
                                      Assistant Attorney General
                                      441 Fourth Street, N.W.

        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6626
        (202) 727-3625 (fax)
        E-mail:  nicola.grey@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 3rd day of October 2005, that a copy of the foregoing Motion and Memorandum of Points in Support of the Motion, was delivered via the District Court Electronic Notification System, to:

    Edna McManus
    3010 22nd Street, Southeast
    Washington, DC 20020-2702

        _____/s/_____
        Nicola N. Grey
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA MCMANUS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | CV-05-1621 (EGS) |
| **ANTHONY WILLIAMS, et al.,** : | |
| : | |
| **Defendants.** : | |
| _____: | |

**ORDER**

Upon consideration of Defendants' Motion, the Memorandum of Points and Authorities in Support thereto, Exhibits, and the entire record herein, it is by the Court on this _____ day of _____ hereby:

ORDERED that the Defendant's Motion is GRANTED; and it is

FURTHER ORDERED that the Complaint is dismissed or in the alternative, summary judgment is hereby entered in favor of the Defendants and against the plaintiff.

_____
EMMET G. SULLIVAN
United States District Court Judge

cc:

Nicola Nadine Grey
Assistant Attorney General
Office of the Attorney General
441 4th Street, 6South
Washington, D.C. 20001

Edna McManus
3010 22nd Street, Southeast
Washington, DC 20020-2702