UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS,

    Plaintiff,

       v.

ANTHONY WILLIAMS, et al.,

    Defendants.

Civil Action No. 05-1621 (EGS)

## MEMORANDUM AND ORDER

Plaintiff has brought this action against her former employer, the Director of the District of Columbia Department of Corrections ("DOC"), and Anthony Williams, the Mayor of the District of Columbia, alleging that she was terminated from her position based on her disability and in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Defendants have moved to dismiss on the ground that the complaint has been untimely filed. Plaintiff has filed an opposition. Based on the parties' filings and the relevant legal authority, defendants' motion will be denied.

*Background*

Plaintiff was employed by the DOC as a Lead Legal Instruments Examiner. Complaint (Compl."), p. 1. She alleges that on February 26, 2002, she sustained left and right hand carpal tunnel injuries and so notified her supervisor. *Id.*, ¶ 1. On February 27, 2002, a doctor determined that the disability prevented plaintiff from performing her work duties. *Id.*, ¶ 2. Plaintiff then filed a claim with the District of Columbia Disability Compensation Program. *Id.*,

¶ 3.

Plaintiff alleges that despite providing medical documentation of her injuries, the DOC denied her request for leave without pay and advance leave for six days between March 27, 2002 and October 16, 2002. *Id.*, ¶ 5. DOC then charged that plaintiff had been absent without leave. *Id.*, ¶ 6. On February 28, 2003, plaintiff was terminated from her position by DOC. *Id.*, 9. Plaintiff alleges that she was terminated based on her disability, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and in retaliation for her filing a discrimination claim, a violation of Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq. Id.*, pp. 1, 3.

Plaintiff filed a charge based on these allegations with the EEOC. *Id.*, Attachment. In a May 5, 2005 letter, the Civil Rights Division of the United States Department of Justice informed plaintiff that she had the right to pursue a civil action and that the suit had to be filed within 90 days. *Id.*

*Standard of Review*

Defendants move to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In ruling on the motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and

unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

Defendants move to dismiss the complaint on the ground that it has been untimely filed. 42 U.S.C. § 2000e-5(f)(1) states, in pertinent part, that:

> If a charge filed with the Commission [EEOC] ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...

The 90-day statutory period is not jurisdictional, but rather is a statute of limitations subject to equitable tolling. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998). Tolling is permitted where "vital information bearing on the existence of [the] claim" is unobtainable despite best efforts by the individual. *Id.* at 579. The burden of proof for equitable tolling is high and is used only in extraordinary circumstances. *Id.* at 579-80. Where no such circumstances are found, the court cannot extend the statutory period "even by one day." *Anderson v. Local 201 Reinforcing Rodmen*, 886 F.Supp. 94, 97 (D.D.C. 1995).

In this case, the right-to-sue letter is dated May 5, 2005. In her complaint, plaintiff does not state when she received the letter, but the Court presumes that the letter was received three days after it was mailed. *See Smith-Haynie*, 155 F.3d at 578 n. 3; *Griffin v. Acacia Life Ins. Co.*, 151 F.Supp. 2d 78, 80 (D.D.C. 2001); *Baker v. Henderson*, 150 F.Supp. 2d 17, 20 (D.D.C. 2001). The 90-day statutory period, therefore, began to run on May 8, 2005.

Plaintiff submitted her complaint to this Court on August 4, 2005, along with a petition for leave to proceed *in forma pauperis*. The Clerk of the Court will not accept a complaint for

filing that is not accompanied by a filing fee until the Court has granted a petition for leave to proceed *in forma pauperis*. *See Washington v. White*, 231 F.Supp.2d 71, 75 (D.D.C. 2002). The application to proceed *informa pauperis* was granted on August 12, 2005 and the complaint filed by the Clerk the same day. The 90-day statutory period under Title VII and the ADA is tolled between the time a complaint and an application to proceed *in forma pauperis* are received by the Court and the time the Court rules on the application. *See id.*

Given the presumption that plaintiff received the right-to-sue notice on May 8, 2005 and the fact that this case was filed on August 4, 2005, plaintiff's action is timely. The complaint was filed within 90 days of plaintiff's receipt of the right-to-sue letter. Accordingly, it is

**ORDERED** that defendants' motion to dismiss [Dkt.# 7] is **DENIED.**

/s/
EMMET G. SULLIVAN
United States District Judge

Dated: December 23, 2005