UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDNA McMANUS, | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | CV-05-1621 (EGS) |
| ANTHONY WILLIAMS, <u>et al.</u>, | : | |
| Defendants. | : | |

## DEFENDANTS ANTHONY WILLIAMS AND ELWOOD YORK'S ANSWER TO THE COMPLAINT

Defendants Anthony Williams and Elwood York ("Defendants"), by and through counsel, answer the Complaint with particularity and in like-numbered paragraphs[1] as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

1.      Defendants admit that plaintiff suffered a work-related injury on or about February 26, 2002.  As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 1 of the Complaint.  To the extent a response is required, Defendants deny these allegations and demand strict proof at trial.

2.      Defendants admit that plaintiff sought treatment from Dr. Rafik Muawwad on February 27, 2002.  As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the conclusions of Dr. Muawwad as contained in paragraph number 2 of the Complaint.  Further answering, defendants do not adopt the alleged findings of Dr.

---

[1] Plaintiff's complaint begins with two non-numbered paragraphs in which she makes allegations.  Defendants hereby deny the allegations contained in these two, initial, non-numbered paragraphs.

Muawwad at this juncture in the litigation. To the extent a response is required, Defendants deny these allegations and demand strict proof at trial.

  3. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in paragraph number 3 of the Complaint. To the extent a response is required, Defendants deny these allegations and demand strict proof at trial.

  4. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in paragraph number 4 of the Complaint. To the extent a response is required, Defendants deny these allegations and demand strict proof at trial.

  5. Defendants deny that plaintiff's requests for leave without pay were denied after she provided medical documentation. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph number 5 of the Complaint. To the extent a response is required, Defendants deny these allegations and demand strict proof at trial.

  6. Defendants admit the allegations contained in paragraph number 6 of the Complaint.

  7. Defendants admit the allegations contained in paragraph number 7 of the Complaint.

  8. Defendants admit the allegations contained in paragraph number 8 of the Complaint.

  9. Defendants deny the allegations contained in paragraph number 9 of the Complaint.

  10. Defendants deny the allegations contained in paragraph number 10 of the Complaint.

  11. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in paragraph number 11 of the Complaint. To the extent a response is required, Defendants deny these allegations and demand strict proof at trial.

12.   Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in paragraph number 12 of the Complaint.  To the extent a response is required, Defendants deny these allegations and demand strict proof at trial.

13.   Defendants admit that plaintiff was denied leave without pay status and defendants admit that plaintiff was not terminated.  Defendants deny the remaining allegations contained in paragraph number 13 of the Complaint.

14.   Defendants admit the allegations contained in paragraph number 14 of the Complaint.

Further answering the Complaint, all allegations not specifically admitted herein are denied.

### Third Defense

Plaintiff might have failed to exhaust her administrative remedies and/or failed to comply with other mandatory filing requirements.

### Fourth Defense

Plaintiff might have failed to timely file a grievance or otherwise failed to protect herself from the alleged conduct.

### Fifth Defense

Plaintiff's EEOC/Human Rights claim may have been filed in an untimely fashion.

### Sixth Defense

The statute of limitations may bar plaintiff's claims.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

### Eighth Defense

All actions taken by defendants relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

### Ninth Defense

Plaintiff has failed to mitigate any damages that she may have incurred.

### Tenth Defense

Any common law claims asserted by plaintiff may be barred by D.C. Official Code § 12-309.

### Eleventh Defense

Plaintiff may be barred from recovering damages if she received, or is receiving, workers' compensation and/or disability and retirement benefits.

### Twelfth Defense

Plaintiff cannot prove that she suffered an adverse action.

### Set-off

Defendant asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

### Jury Trial Demand

Defendants demand a trial by a jury of twelve (12).

Defendants reserve the right to amend their Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, Defendants urge the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to Defendants.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____\\s\\_____
PATRICIA JONES [428132]
Chief, General Litigation Sec. IV

By:   _____\\s\\_____
MICHAEL BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W.
Washington, D.C.  20001
Direct Line:   (202)724-6649
Receptionist:  (202)727-6295
Facsimile:     (202) 727-3625

## CERTIFICATE OF SERVICE

     This certifies that on the 11th day of May, 2006, a true and correct copy of the foregoing Defendants Anthony Williams and Elwood York's Answer to the Complaint was sent by first-class mail, postage prepaid to:

Edna McManus
3010 22nd Street, SE
Washington, DC 20020
Pro se Plaintiff

_____\\s\\_____
MICHAEL P. BRUCKHEIM
Assistant Attorney General