**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA McMANUS, ) | |
| ) | CA No.: 05-1621 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY WILLIAMS, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS ANTHONY WILLIAMS AND ELWOOD YORK'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

Defendants Anthony Williams and Elwood York, ("Defendants"), by and through their counsel, the Office of the Attorney General for the District of Columbia, and pursuant to FRCP 12(c), hereby move for judgment on the pleadings on the grounds that plaintiff fails to state a claim upon which relief may be granted against these defendants. Plaintiff's official capacity suits must be dismissed against Mayor Willliams and York because the District of Columbia is the real party in interest. Moreover, neither Williams nor York can be held individually liable under Title VII. Alternatively, these defendants seek summary judgment pursuant to FRCP 56(c) because plaintiff did not suffer an adverse action. Therefore, although the District of Columbia is the proper party defendant, it would be futile to substitute it for either Williams or York because plaintiff not suffered an adverse action and cannot even maintain her claim against the District.

WHEREFORE, defendants pray this Court grant them judgment on the pleadings and/or summary judgment as a matter of law.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        __\s_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        ___\s_____
        MICHAEL P. BRUCKHEIM [455192]
        Assistant Attorney General
        441 4TH Street, NW, 6th Floor-South
        Washington, D.C.  20001
        202-724-6649; 202-727-6295

## CERTIFICATE OF SERVICE

This certifies that on the 30th day of May, 2006, a true and correct copy of the foregoing Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, was sent by fax to:

Ms. Edna McManus
3010 22nd Street, SE
Washington, DC 20020-2702
Pro se Plaintiff

        _____\s_____
        MICHAEL P. BRUCKHEIM
        Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA McMANUS, )  | |
| ) | CA No.: 05-1621 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY WILLIAMS, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS  ANTHONY WILLIAMS AND ELWOOD YORK'S  MOTION FOR JUDGMENT ON THE PLEADINGS,OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

In support of their Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, these defendants state the following:

**I.    FACTUAL BACKGROUND**

On February 26, 2002, plaintiff sustained on-the-job injuries that resulted in her filing for workers' compensation.  *See,* Plaintiff's Complaint.  On September 10, 2002, plaintiff was informed via letter from her supervisor that she had entered into an Absence Without Leave (AWOL) status as of May 7, 2002.  Exhibit #1, Letter of September 10, 2002.  Plaintiff was informed that if she did not provide an explanation and appropriate documentation for her extended absence, adverse action would be initiated to remove her from her position. *Id.* On December 2, 2002, plaintiff was given a 15-day advance notice of a proposal to remove her from her position.  Exhibit #2, Advance Notice.  Plaintiff failed to return to work or provide documentation requiring her continued absence from employment.  On February 20, 2003, plaintiff was notified that she was to be terminated from her position, effective at the close of business on February 28, 2003.  Exhibit #3, Notice of Final Decision.

On April 3, 2003, a final compensation order was issued on plaintiff's claim for disability compensation. Exhibit #4, Final Compensation Order. Plaintiff was awarded Temporary Total Disability (TTD) benefits retroactive to February 27, 2002, and continuing until she was able to return to her employment duties. *Id.* The unprocessed order of termination for plaintiff was rescinded, and plaintiff was placed in Leave Without Pay (LWOP) status. Exhibit #5, Personnel Action for LWOP. The date of the personnel action predated the date of the proposed termination of plaintiff by one day. *Id.* Plaintiff was informed of this personnel action by letter dated January 2, 2004. Exhibit #6, Letter of January 2, 2004.

Plaintiff appealed the February 20, 2003, proposed action to terminate her employment. On January 20, 2004, the District of Columbia Office of Employee Appeals (OEA) denied plaintiff's appeal as moot because the record was clear that plaintiff was never terminated from her position and had been receiving workers' compensation benefits. Exhibit #7, Initial Decision of OEA. The OEA found that the proposed termination action was never effected and was rescinded prior to the date of its taking effect. *Id.*

On May 15, 2003, plaintiff filed an unfair labor practice complaint before the District of Columbia Public Employee Relations Board (PERB). Exhibit #8, Hearing Examiner's Report and Recommendation. On February 2, 2006, the PERB dismissed plaintiff's complaint, finding that plaintiff failed to state a claim of wrongful termination because her employment was never terminated. *Id.* This was the second independent agency that found that plaintiff was not terminated from her position.

Plaintiff applied for and subsequently was approved for disability retirement benefits, effective on August 20, 2003, and retroactive to April 15, 2002, the last day she was in pay status. Exhibit #9, Personnel Action for Disability.

4

On or about August 8, 2005, plaintiff filed this lawsuit against defendants Williams and York on the basis that she was terminated on February 23, 2003, from her position with the District while she was out on a job-related injury. *See* Plaintiff's Complaint. Plaintiff further alleges that her termination was discriminatory and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiff also alleges that her alleged termination was retaliatory for her filing a complaint with the Equal Opportunity Employment Commission (EEOC) in 1999.

Defendants now move for judgment on the pleadings, or alternatively, for summary judgment for the reasons set forth below.

### III.   STANDARD OF REVIEW

#### A.   Dismissal pursuant to FRCP 12(c)

Under FRCP 12(c), after the pleadings are closed, any party may move for judgment on the pleadings. Should the arguments and evidence relied on be limited to the allegations and responses in the pleadings, then Court must apply the same standard as applied for a motion to dismiss. *Nixon v. Sampson,* 580 F.2d 514 (D.C. Cir. 1978); *Dale v. Executive Office of the President,* 164 F. Supp.2d 22 (D.D.C. 2001). Should the court be presented with and accepts any matters beyond, or "outside the pleadings", then the court shall treat the motion as if filed under Fed. R. Civ. P. 56. *Dale,* 164 F. Supp.2d 22. The court, however, may consider or take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation. *Haynesworth v. Miller,* 820 F.2d 1245 (D.C. Cir. 1987); *Jane Does I v. District of Columbia and MRDDA,* 2002 U.S. Dist. LEXIS 24171 (D.D.C. 2002), *citing Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994).

The Complaint must be liberally construed in favor of the plaintiff, and the plaintiff

5

should receive the benefit of all reasonable inferences that can be drawn from thee facts. *E.E.O.C. v. St. Francis Xavier Parochial School,* 117 F.3d 621 (D.C. Cir. 1997).

### B. Judgment Pursuant to FRCP 56(c)

Pursuant to the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University,* 23 F.Supp. 2d. 11 (D.D.C. 1998).

### III. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS WILLIAMS AND YORK.

#### A. Plaintiff's Official-Capacity Lawsuit Against These Defendants Requires Dismissal.

Plaintiff has sued defendants Mayor Anthony Williams and York in their official-capacity. There are no specific allegations set forth in plaintiff's Complaint that defendants Williams or York had any personal knowledge about or involvement in plaintiff's claim. *See* Complaint, generally. The U.S. Supreme Court has ruled upon the issue of official-capacity

suits. They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985). Consequently, the action against defendants Williams and York should be dismissed with prejudice, as the District of Columbia is the proper party defendant.

### B.     Defendants Williams and York May Not Be Held Liable Under Title VII.

Plaintiff has filed discrimination claims under Title VII of the Civil Rights Act of 1964 against Defendants Anthony Williams and Elwood York. These Defendants are entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII. *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted under Title VII is against the employer, not individual employees whose actions constituted a violation of Title VII). Accordingly, Plaintiff's Title VII claims against these Defendants must be dismissed.

### IV.    SUBSTITUTION OF THE DISTRICT OF COLUMBIA WOULD BE FUTILE BECAUSE PLAINTIFF CANNOT PROVE AN ADVERSE ACTION AND HER CLAIM AGAINST THE DISTRICT CANNOT BE MAINTAINED.

Plaintiff has filed a Title IV claim, an Americans with Disabilities Act claim (ADA), pursuant to 42 U.S.C. § 12112(a), and a retaliation claim against defendants Williams and York.

To prevail under each, plaintiff must prove that she suffered an adverse employment action. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973) (holding that the elements of the *prima facie* case of discrimination are: (1) that plaintiff belongs to one or more protected classes; (2) that plaintiff was qualified for, and performing to the legitimate expectations of her position; (3) plaintiff was subjected to an adverse action; and (4) a substantial factor in the decision to take the adverse action was plaintiff's membership). *See also*, *Barnett v. U.S. Air, Inc.,* 157 F.3d 744, 748 (9th Cir. 1998); *accord Wilson v. International Brotherhood of Teamsters, et al.,* 47 F. Supp. 2d 8, 1999 U.S.Dist. Lexis 5913 (D.C. 1999) (requiring plaintiff to show that she was a disabled person within the meaning of the ADA, was able to perform the essential functions of the job with or without reasonable accommodation, and also suffered an adverse employment action).

    Plaintiff's claims cannot survive because she did not suffer an adverse employment action. Plaintiff was not terminated from employment. See Exhibit #7, Initial Decision of OEA and Exhibit #8, Hearing Examiner's Report and Recommendation. Plaintiff has been receiving workers' compensation payments retroactive to her February 26, 2002, injury. Exhibit #4, Final Compensation Order and Exhibit #5, Personnel Action for LWOP. Moreover, six months after plaintiff was supposedly terminated from her position, she filed for and was granted disability retirement benefits from the District. Exhibit #9, Personnel Action for Disability. Because plaintiff has not suffered any adverse employment action , her claims fail as a matter of law. Accordingly, it would be futile to substitute the District as the party defendant in this case because plaintiff cannot maintain any cause of action against it.

        WHEREFORE, defendants Anthony Williams and Elwood York pray this Court enter judgment on the pleadings or grant them summary judgment as a matter of law.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA McMANUS, )<br>  )   CA No.: 05-1621 (EGS)<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>ANTHONY WILLIAMS, *et. al.*, )<br>  )<br>Defendants. )<br>_____ ) | |

### DEFENDANTS ANTHONY WILLIAMS AND ELWOOD YORK'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE

In support of the Motion for Summary Judgment, the defendant herein submits a Statement of Facts to Which There is No Genuine Issue, and for purpose of this motion only, states as follows:

1. On September 10, 2002, plaintiff was informed via letter from her supervisor that she had entered into an Absence Without Leave (AWOL) status as of May 7, 2002. Exhibit #1, Letter of September 10, 2002.

2. Plaintiff was informed that if she did not provide an explanation and appropriate documentation for her extended absence, adverse action would be initiated to remove her from her position. Exhibit #1, Letter of September 10, 2002.

3. On December 2, 2002, plaintiff was given a 15-day advance notice of a proposal to remove her from her position. Exhibit #2, Advance Notice.

4. On February 20, 2003, plaintiff was notified that she was to be terminated from her position, effective at the close of business on February 28, 2003, but that notice was rescinded by letter, dated January 2, 2004. Exhibit #3, Notice of Final Decision. *See also*, Exhibit #6, Letter of

       January 2, 2004.

5. On April 3, 2003, Plaintiff received a final compensation order for her disability compensation benefits and was awarded Temporary Total Disability (TTD) benefits retroactive to February 27, 2002, and continuing until she was able to return to her employment duties. Exhibit #4, Final Compensation Order.

6. Plaintiff was informed that her proposed termination was rescinded by letter dated January 2, 2004. Exhibit #6, Letter of January 2, 2004.

7. Plaintiff appealed the February 20, 2003, proposed action to terminate her employment. On January 20, 2004, the District of Columbia Office of Employee Appeals (OEA) denied plaintiff's appeal as moot because she was never terminated from her position and had been receiving workers' compensation benefits. Exhibit #7, Initial Decision of OEA.

8. On May 15, 2003, plaintiff filed an unfair labor practice complaint before the District of Columbia Public Employee Relations Board (PERB). Exhibit #8, Hearing Examiner's Report and Recommendation.

9. On February 2, 2006, the PERB dismissed plaintiff's complaint, also finding that she failed to state a claim of wrongful termination because she was never terminated from employment. Exhibit #8, Hearing Examiner's Report and Recommendation.

10. Plaintiff applied for and subsequently was approved for disability retirement benefits, effective on August 20, 2003, and retroactive to her last day in pay status of April 15, 2002. Exhibit #9, Personnel Action for Disability.

                                               Respectfully submitted,

                                               ROBERT J. SPAGNOLETTI
                                               Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

__\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDNA McMANUS, | ) | |
| | ) | CA No.: 05-1621 (EGS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY WILLIAMS, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER**

Upon consideration of Defendants Anthony Williams and Elwood York's Motion for Judgment on the Pleadings, the Memorandum in Support thereof, plaintiff's opposition, if any, and the facts and law considered, it is hereby:

ORDERED:   that the Motion for Judgment on the Pleadings is GRANTED for the reasons set forth in the motion; and it is further,

ORDERED: that judgment be entered on behalf of defendants Williams and York.

So ORDERED this _____ day of _____, 2006.

_____
The Honorable Judge Sullivan
United States District Court for the District of Columbia

Copies to:

Edna McManus
3010 22nd Street, SE
Washington, DC 20020-2702

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, ) | |
| ) | CA No.: 05-1621 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY WILLIAMS, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **ORDER**

Upon consideration of Defendants Anthony Williams and Elwood York's Motion for Summary Judgment, the Memorandum in Support thereof, plaintiff's opposition, if any, and the facts and law considered, it is hereby:

ORDERED:  that the Motion for Summary Judgment is GRANTED for the reasons set forth in the motion; and it is further,

ORDERED: that judgment be entered on behalf of defendants Williams and York.

So ORDERED this _____ day of _____, 2006.

_____
The Honorable Judge Sullivan
United States District Court for the District of Columbia

Copies to:

Edna McManus
3010 22nd Street, SE
Washington, DC 20020-2702