# Exhibit 7

Notice: This opinion is subject to formal revision before publication in the <u>District of Columbia Register</u>. Parties are requested to notify the Administrative Assistant of any formal errors in order that corrections may be made prior to publication. This notice is not intended to provide an opportunity for a substantive challenge to the decision.

## THE DISTRICT OF COLUMBIA

## BEFORE

## THE OFFICE OF EMPLOYEE APPEALS

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| EDNA MCMANUS ) | OEA Matter No. 1601-0034-03 |
| Employee ) | |
| ) | Date of Issuance: January 20, 2004 |
| v. ) | |
| ) | Daryl J. Hollis, Esq. |
| ) | Senior Administrative Judge |
| DEPARTMENT OF CORRECTIONS ) | |
| Agency ) | |

Edna McManus, *Pro se*
Fred Staten, Jr., Agency Representative

## INITIAL DECISION

## INTRODUCTION

On February 26, 2003, Employee, a Lead Legal Instruments Examiner, DS-9 in the Career Service, filed a petition for appeal from Agency's alleged action removing her for "Unauthorized Absences" (AWOL).

This matter was assigned to me on November 21, 2003. I conducted a Prehearing Conference on January 8, 2004. Since this matter could be decided based on the documentary evidence of record, no further proceedings were held. The record is closed.

## JURISDICTION

The Office has jurisdiction in this matter pursuant to D.C. Official Code § 1-606.03 (2001).

## ISSUE

Whether this matter should be dismissed for mootness.

## FINDINGS OF FACT, ANALYSIS AND CONCLUSIONS

The following facts are not subject to genuine dispute:

1. By advance notice of proposed adverse action dated December 2, 2002, Agency notified Employee of its proposal to remove her from her position for AWOL.

2. By memorandum dated January 8, 2003, the Disinterested Designee assigned by Agency's Director to review the matter prior to the issuance of a final decision recommended that the proposed removal be effected.

3. On February 20, 2003, Agency issued its final decision, which stated that Employee would be removed effective February 28, 2003.

4. However, Employee's removal was never effected. Rather, she was placed on Leave Without Pay (LWOP) pursuant to a Worker's Compensation determination that she was disabled as a result of an on-the-job injury.[1] Employee is currently receiving Worker's Compensation benefits.

There is no requirement that this Office adjudicate a matter which is moot. *See Culver v. D.C. Fire Department*, OEA Matter No. 1601-0121-90, *Opinion and Order on Petition for Review* (January 16, 1991), _ D.C. Reg. __ (   ). It is well established that an appeal that is based on a personnel action which has been rescinded is moot. *See, e.g., Champion v. Department of Human Services*, OEA Matter No. 2401-0136-96 (July 2, 1998), _ D.C. Reg. __ (   ); *Britt et al. v. Department of Human Services*, OEA Matter No. 2401-0135-96

---

[1] *See* January 2, 2004 letter to Employee from James Anthony, Agency's Deputy Director.

1601-0034-03
Page 3

(August 12, 1997), _ D.C. Reg. __ (   ); *Mason v. D.C. Public Schools*, OEA Matter No.
1601-0347-96 (October 19, 1999), _ D.C. Reg. __ (   ).

      Here, it is undisputed that the proposed removal was never effected, and was in fact
rescinded prior to its effective date.  I conclude that Employee's appeal is now moot and must
therefore be dismissed.

ORDER

      It is hereby ORDERED that this matter is DISMISSED.

FOR THE OFFICE:

DARYL J. HOLLIS, Esq.
Senior Administrative Judge