# Exhibit 8

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**PUBLIC EMPLOYEE RELATIONS BOARD**

|   |   |
|---|---|
| In the Matter of: | ) |
|  | ) |
| EDNA MCMANUS, | ) |
|  | ) |
| Complainant, | ) |
|  | ) |
| v. | )   PERB Case No. 03-U-38 |
|  | ) |
| DISTRICT OF COLUMBIA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
|  | ) |
| and | ) |
|  | ) |
| FOP/DOC LABOR COMMITTEE, | ) |
|  | ) |
| Respondents. | ) |

## HEARING EXAMINER'S REPORT AND RECOMMENDATION

On May 15, 2003, Complainant filed the instant unfair labor practice complaint alleging several violations by Respondents of the Comprehensive Merit Personnel Act ("CMPA"), codified at D.C. Code § 1-617.03, relating to an underlying compensable injury suffered by Complainant on or about February 26, 2002. Specifically, Complainant alleges that Respondent Department of Corrections ("Agency") violated her rights under the CMPA when it terminated her employment for attendance-related reasons on February 28, 2003, and that Respondent FOP/DOC Labor Committee ("Union") violated her rights under the CMPA when it refused to provide her with representation in her pursuit of workers' compensation for the February 2002 injury, and, again, when it refused to provide her with representation in connection with the February 2003 termination action. Complainant seeks compensatory damages for those violations in the amount of one hundred thousand dollars ($100,000).

PERB Case No. 03-U-38                                                                Page 2

Both respondents answered the complaint, and in addition to setting forth various affirmative defenses, independently moved for its dismissal. A hearing was held on November 9, 2005, and the matter is now ripe for decision.

The facts of this case may be summarized as follows: Grievant alleged an injury to her left wrist on February 26, 2002, for which she sought and was granted compensation from the D.C. Department of Employment Services. *McManus v. D.O.C.*, OHA No. PBL 02-017(B), DCP Nos. 002805 and 022683 (April 4, 2003).

While Complainant's compensation case was pending, Respondent Agency proposed the termination of her employment on December 2, 2002, charging her as absent without leave ("AWOL") from August 25, 2002 through September 7, 2002. Subsequently, on February 20, 2003, the Agency notified Complainant of a final decision to terminate her employment for that period of unauthorized absence, to be effective close of business February 28, 2003. The Agency advised Complainant of her right to elect to appeal the termination through either the negotiated grievance procedure or the Office of Employee Appeals.

Grievant elected to appeal through the Office of Employee Appeals, which ultimately found the appeal to be moot on the ground that the termination was never effected, and was in fact rescinded prior to its effective date. *McManus v. D.O.C.*, OEA Matter No. 1601-0034-03 (January 20, 2004).

Of special relevance here, grievant states for the record her unsupported belief that the termination action was based on anti-union animus related to her efforts to represent other unspecified employees at an earlier date uncertain, but Complainant does not claim to have performed such representational duties at any time within 120 days of the filing of the Complaint.

Additionally, Complainant admits that she did not seek representation from Respondent Union with respect to the workers' compensation proceedings at

PERB Case No. 03-U-38                                                                                                    Page 3

any time after September 2002, and Complainant was unable to provide any evidence of any request for representation from Respondent Union with respect to the termination action after December 2002.

Consistent with the Hearing Examiner's oral ruling at the November 9, 2005 hearing, the Hearing Examiner recommends dismissal of the Complaint on the following grounds:

*A.    The Agency's Alleged Violation of the CMPA by Terminating Complainant's Employment*

This aspect of the Complaint is deficient for two independent reasons, and therefore should be dismissed. First, the record shows that the termination action was rescinded prior to its effective date. It requires no citation of authority to conclude that a complaint alleging a wrongful termination fails to state a claim under circumstances where, as here, there has not been, in fact, any termination. Second, and without regard to the foregoing, there is insufficient evidence—in fact, there is no competent evidence provided or offered by Complainant—upon which to conclude that the termination action relates in any way to any activity protected by the provisions of the CMPA within the Board's jurisdiction. Accordingly, the Hearing Examiner recommends dismissal of this portion of the Complaint for failure to state a cognizable claim upon which relief can be granted.

*B.    Respondent Union's Alleged Violation of the CMPA by Failing to Provide Representation in Connection with the Workers' Compensation Proceeding and Termination Action*

Complainant admits that she did not request representation with respect to the workers' compensation proceeding at any time within 120 days of the filing of the instant Complaint on May 15, 2003. PERB Rule 520.4 provides that, "Unfair labor practice complaints shall be filed not later than 120 days after the date on which the alleged violations occurred." It is well-settled under Board

precedent that the 120-day rule is jurisdictional and mandatory. Accordingly, this aspect of the Complaint must be dismissed as untimely, irrespective of whether or not Respondent Union had any obligation to provide representation to Complainant in connection with a workers' compensation proceeding, which Respondent Union denies. Additionally, the Hearing Examiner finds no support for Complainant's contention that this alleged violation is a continuing one.

Complainant likewise is unable to establish that she ever sought representation from the Union in connection with the proposed termination action within 120 days of the filing of the Complaint. According to Complainant's testimony, the latest date on which she requested representation was in December 2002, which is not within 120 days of May 15, 2003. Accordingly, this portion of the Complaint also must be dismissed pursuant to PERB Rule 520.4. Neither does the Hearing Examiner find this alleged violation to be a continuing one.

Upon the foregoing findings and the entire record, the Hearing Examiner hereby issues the following recommended:

## ORDER

IT IS HEREBY ORDERED THAT:

    a.    The portion of the Complaint alleging violation of the CMPA by Respondent Agency is dismissed for failure to state a cognizable claim; and,

    b.    The remaining portions of the Complaint alleging violations of the CMPA by Respondent Union are dismissed as untimely under PERB Rule 520.4.

**BY ORDER OF THE PUBLIC EMPLOYEE RELATIONS BOARD**

Washington, D.C.

Respectfully submitted,

*Andrew M. Strongin*

February 2, 2006