UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, | ) |
| | ) |
| Plaintiff, | )    **CA No.: 05-1621 (EGS)** |
| | ) |
| v. | ) |
| | ) |
| ANTHONY WILLIAMS, et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**AMENDED COMPLAINT**

The Plaintiff through Counsel James Q. Butler, Esquire, hereby files an amended complaint in the instant matter and in support thereof states as follows:

Plaintiff filed a pro se complaint in this matter. Thereafter the plaintiff filed an amendment to name the District of Columbia.

Subsequently, the defendant(s) through counsel moved to dismiss.

Essentially, the defendants request this court join in their convoluted approach to due process, and agree with the defendants, that all of the pain inflicted upon the plaintiff is legal and that all of the convoluted proceedings, prior to this case negate any claim by the plaintiff.

The defendants state at page 8 of their motion to dismiss that the plaintiff 'DID NOT SUFFER AN ADVERSE EMPLOYMENT ACTION" (emphasis added). However, the defendants contradict themselves at page 4 of their motion that there was in fact, a termination of the plaintiff. "THE OEA FOUND THAT THE PROPOSED *TERMINATION*…" (emphasis added)

The question in this case is one of termination that was wrongful and "ILLEGAL" thus rising to discrimination. The fact that the termination was in error is not an issue. The question is was the loss of employment under what the District Termed as "TERMINATION" (emphasis added) legal or illegal.

Additionally, there is the glaring fact of discriminatory failure to re-instate under the A.D.A. In this case, it is especially egregious as the error in termination was known to the District at all times relevant hereto.

In Exhibit 6 offered by the defense James L. Anthony, states "I note for the record that you were never officially removed from the department as a result of the Final Decision…" This is a catch 22. Mr. Anthony never states you were not fired. He states, "you were not officially removed from the department as a result of the Final Decision" Mr. Anthony creates the catch 22 of telling the plaintiff she is [1] Terminated, yet not officially removed, [2] placed on L.W.O.P. and [3] subject to compensation relief.

It appears that Mr. Anthony, trips over his own words. How can an employee be [1] Terminated, yet not officially removed, and also be [2] L.W.O.P. all at the same time?

The plaintiff was fired as she was essentially accused of not providing an explanation for her absence from work. (See: defense exhibit 1, September 10, 2002 letter from Steven Smith.) The firing was ruled to be illegal by the O.E.A. (See: defense exhibit 7, January 20, 2004, O.E.A. Ruling, page 2, paragraph 4.) The subsequent compensation award is proof positive that the plaintiff was absent for good cause (contrary to the reason she was terminated "absent without cause" or L.W.O.P.)

The termination or the District's secondary backfield position of L.W.O.P. without the District ever admitting the termination was improper has economically harmed this plaintiff in a discriminatory manner, and all of the events starting with the wrongful termination and ending with the refusal to re-instate have harmed this plaintiff in a economic, emotional and professional manner.

Thus, the plaintiff was obviously fired and the defendant failed to reinstate, and further denied the plaintiff disability retirement, and by doing so acted in a discriminatory manner as the failure to reinstate caused extreme financial hardship to the plaintiff and denied her access to benefits and income the plaintiff was entitled to, had the plaintiff been allowed disability retirement and all benefits attaching thereto.

As we stand here today, the District of Columbia has never admitted that the plaintiff is not terminated. The mere acquiescence to allow compensation benefits, is not an admission of error on the part of the District of Columbia, nor is it an offer to re-instate. The plaintiff remains terminated up to this day.

Based upon the fact that the District of Columbia has never re-instated the plaintiff and rescinded the termination in writing there exists a clear claim of discriminatory failure to re-instate. The discrimination has injured this plaintiff by denying her access to benefits and access to income she is legally entitled to. There is no doubt, by the defendants own exhibits that the plaintiff was terminated, and that the defendants failed to re-instate. The defendants to this day claim the plaintiff is terminated, and in a state of limbo called L.W.O.P.

There is no difference between being fired and being forced into a position of leave with no pay. The result is the same. You are left without a paycheck, to which you are legally entitled. The glaring fact is that even after the various rulings stating the firing was wrongful, the District of Columbia continues to ignore the plaintiff by classifying her termination as L.W.O.P.

This gives rise to a Claim for Discriminatory Refusal to Reinstate. The First, Third, Fourth, Tenth, and Eleventh Circuits expressly recognize discriminatory failure to reinstate as a separately actionable claim. [See **EEOC v. City of Norfolk Police Dep't**, 45 F.3d 80 (4th Cir.1995); **Samuels v. Raytheon Corp**., 934 F.2d 388 (1st Cir.1991); EEOC v. Hall's Motor Transit Co., 789 F.2d 1011 (3d Cir.1986); **Burnam v. Amoco Container Co**., 755 F.2d 893(11th Cir.1985) (per curiam); **Poolaw v. City of Anadarko**, 660 F.2d 459 (10th Cir.1981).

There is no need to exhaust remedy on the Claim for Discriminatory Refusal to Reinstate. Various Federal Appellate Courts construe charges filed before the EEOC liberally. See **Stache v. Int'l Union of Bricklayers & Allied Craftsmen,** 852 F.2d 1231, 1233 (9th Cir.1988). "Subject matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " **B.K.B. v. Maui Police Dep't**, 276 F.3d 1091, 1100(9th Cir.2002) (quoting **Farmer Bros. Co**., 31 F.3d at 899).  In **Couveau v. American Airlines, Inc**., 218 F.3d 1078, 1082 (9th Cir.2000) (per curiam), it was held that a wrongful termination claim was encompassed in a failure-to-reinstate charge, stating that the termination is "unquestionably like or reasonably related to" the allegations of discrimination in the refusal to reinstate charge.

Here, Ms. McManus, refusal-to-reinstate claim is similarly "unquestionably" related to her termination claim. The same employer allegedly refused to reinstate her for the same discriminatory reason that allegedly caused her termination. Any administrative investigation of her termination claim would have necessarily encompassed the grievance proceeding. Thus, Ms. McManus exhausted her claim for discriminatory refusal to reinstate.

The fact that Ms. McManus has been injured, physically as well as financially by loss of benefits, retirement income, C.O.L.A. increases and promotional raises, is discriminatory, under the A.D.A.

The claims of the plaintiff are meritorious under the A.D.A. 42 U.S.C. § 12101 et. seq. (ADA) and the defendants own exhibits support the plaintiffs claims.

## **PREVIOUS ALLEGATIONS ADOPTED**

In the interests of judicial economy and brevity the plaintiff through counsel hereby adopts the allegations raised in her previous complaint by reference, as if fully restated herein.

**WHEREFORE, all premises considered**, plaintiff prays this honorable court deny the defendants motion for dismissal and set this matter for jury trial.

Dated this 22nd, day of June, 2006

Respectfully Submitted;

By:_____
    James Q. Butler, Esq
    Attorney at Law
    Butler Law Firm
    818 18th Street, 10th Floor
    Washington, D.C.
    Telephone: 202-223-6767

## CERTIFICATE OF SERVICE

I, James Butler, hereby certify that on this 22nd day of June, 2006, I mailed the Original and one copy to the clerk of the court, and a true and correct copy of the foregoing was mailed via first class mail to the following counsel of record:

Michael P. Bruckheim, Esq
Assistant Attorney General
414 4th Street, Northwest
6th Floor South
Washington, D.C. 20001


By:_____
        James Butler.