UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, ) | |
| ) | CA No.: 05-1621 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY WILLIAMS, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS ANTHONY WILLIAMS AND ELWOOD YORK'S MOTION TO DISMISS

Defendants Anthony Williams and Elwood York (hereinafter "Defendants"),[1] by and through undersigned counsel and pursuant to F.R.C.P. 12(b)(6), respectfully moves this Honorable Court to dismiss the Amended Complaint.  As grounds, Defendants state the following:  (1) F.R.C.P.  8 and 9 require dismissal of Plaintiff's Amended Complaint; and (2) plaintiff cannot maintain her lawsuit against defendants Williams or York.

In further support of their Motion, Defendants respectfully refer the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

---

[1] Plaintiff has named the District of Columbia as a defendant in her Amended Complaint.  However, as of this filing, the District has not been substituted as a party or served with process.

By: _____\\s\\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA McMANUS, ) | |
| ) | CA No.: 05-1621 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY WILLIAMS, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS ANTHONY WILLIAMS AND ELWOOD YORK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS

Defendants Anthony Williams and Elwood York (hereinafter "Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court to dismiss the Amended Complaint.

**I.  PRELIMINARY STATEMENT**

On August 12, 2005, Plaintiff instituted a disability discrimination claim against named defendants Anthony Williams and Elwood York. Defendants filed a Motion to Dismiss on October 10, 2005, which was denied by the Court on December 23, 2005. On May 30, 2006, defendants filed a Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment. Plaintiff was appointed counsel on June 21, 2006. With approval of this Court, plaintiff filed the Amended Complaint on June 22, 2006. See Docket Entry #31.

**II.  STANDARD OF REVIEW**

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416

3

U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts. *See Id.*

### III.   FED R. CIV. P. 8 REQUIRES DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT.

Fed. R. Civ. P. 8(a) governs the content and format of a plaintiff's complaint. Specifically required are (1) the grounds for jurisdiction, (2) a short and plain statement of the claim, and (3) a demand for relief. Plaintiff's Amended Complaint fulfills none of these requirements. Plaintiff's Amended Complaint reads as a response to defendants' previous Motion for Summary Judgment, not as a pleading intended to provide defendants with notice so that they may file a responsive pleading. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002) (explaining that Rule 8(a) is intended to give notice to defendants of plaintiff's claim and the grounds on which it rests). In addition, plaintiff does not attribute any of the conduct in her Amended Complaint to the two named defendants. Neither defendant Williams' nor defendant York's name appears anywhere in the Amended Complaint. Accordingly, the Amended Complaint must be dismissed.

### IV.   FED. R. CIV. P. 9 REQUIRES DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT.

Fed. R. Civ. P. 9(f) provides that "[f]or the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Plaintiff's Amended Complaint fails to reference a date or

4

a place with respect to any incident that may be the subject of this litigation. Thus, defendants are unable to respond to any averments made by plaintiff. Therefore, dismissal is appropriate.

### V.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS WILLIAMS AND YORK.

Plaintiff has sued defendants Mayor Anthony Williams and York in their official-capacity. As set forth above, there are no specific allegations set forth in plaintiff's Amended Complaint that defendants Williams or York had any personal knowledge about or involvement in plaintiff's claim. *See* Amended Complaint, generally. The U.S. Supreme Court has ruled upon the issue of official-capacity suits. They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985). Consequently, the action against defendants Williams and York should be dismissed with prejudice.[2]

### VI.    CONCLUSION.

WHEREFORE, for all of the reasons contained within this motion, Defendants respectfully requests this to grant this motion to dismiss plaintiff's amended complaint.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division

---

[2] Substitution of the District of Columbia as the proper party defendant would be futile since plaintiff has not properly alleged any disability she has that is protected by the American With Disabilities Act.

                _____\\s\\_____
                PATRICIA A. JONES [428132]
                Chief, General Litigation Sec. IV

By:      _____\\s\\_____
                MICHAEL P. BRUCKHEIM [455192]
                Assistant Attorney General
                441 4TH Street, NW, 6th Floor-South
                Washington, D.C.  20001
                202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA McMANUS, | ) |
| | ) CA No.: 05-1621 (EGS) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY WILLIAMS, *et. al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **ORDER**

Upon consideration of the Defendants' Motion to Dismiss, any opposition thereto, and the entire record herein, it is this ____ day of _____, 2006, hereby,

**ORDERED**:   that the Defendants' Motion is GRANTED; and it is,

**FURTHER ORDERED**: that Plaintiff's Complaint is hereby DISMISSED with prejudice as to Defendants Anthony Williams and Elwood York for the reasons set forth in the Motion.

_____
Judge Emmet G. Sullivan
United States District Court for the
District of Columbia

7