**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDNA McMANUS, | ) | |
| | ) | CA No.: 05-1621 (EGS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY WILLIAMS, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS ANTHONY WILLIAMS AND ELWOOD YORK'S MOTION TO**
**DISMISS THE AMENDED COMPLAINT, OR ALTERNATIVELY, FOR SUMMARY**
**JUDGMENT**

Defendants Anthony Williams and Elwood York, ("Defendants"), by and through their

counsel, the Office of the Attorney General for the District of Columbia, and pursuant to FRCP

12(b) and 56(c), hereby move to dismiss the amended complaint, or alternatively, for summary

judgment.  As grounds therefore, defendants state the following: 1) FRCP 8, 9, and 10 require

dismissal of plaintiff's amended complaint, and 2) neither defendants Mayor Williams or York

can be held individually liable under Title VII.  The District should not be substituted as a party

defendant because plaintiff did not suffer an adverse action.

WHEREFORE, defendants pray this Court grant their motion to dismiss and/or summary

judgment as a matter of law.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

__\s_____

PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


___\s_____

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDNA McMANUS, | ) | |
| | ) | CA No.: 05-1621 (EGS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY WILLIAMS, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS  ANTHONY WILLIAMS AND ELWOOD YORK'S  MOTION TO**
**DISMISS,OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

In support of their Motion to Dismiss, or Alternatively, for Summary Judgment, these

defendants[1] state the following:

**I.      FACTUAL BACKGROUND**

Plaintiff filed for disability compensation between the dates of February 26, 2002 and

April 9, 2002.[2]  On April 3, 2003, a final compensation order was issued on plaintiff's claim for

disability compensation.  Exhibit #1, Final Compensation Order.  On January 20, 2004, the

District of Columbia Office of Employee Appeals (OEA) denied plaintiff's appeal of a February

20, 2003, termination letter as moot because the record was clear that plaintiff was never

terminated from her position and had been receiving workers' compensation benefits.  Exhibit

#2, Initial Decision of OEA.  The OEA found that the proposed termination action was never

effected and was rescinded prior to the date of its taking effect.  *Id.*

---

[1] Plaintiff has not properly named the District of Columbia as a party defendant in this litigation.

[2] *See* Exhibit #1, Final Compensation Order, p.3, n.2.

On May 15, 2003, plaintiff filed an unfair labor practice complaint before the District of

Columbia Public Employee Relations Board (PERB).  Exhibit #3, Hearing Examiner's Report

and Recommendation.  On February 2, 2006, the PERB dismissed plaintiff's complaint, finding

that plaintiff failed to state a claim of wrongful termination because her employment was never

terminated.  *Id.*

On or about August 12, 2005, plaintiff filed this lawsuit against defendants Williams and

York on the basis that she was terminated on February 23, 2003, from her position with the

District while she was out on a job-related injury.  *See* Plaintiff's Complaint.  Plaintiff further

alleges that her termination was discriminatory and in violation of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e.  Plaintiff also alleges that her alleged termination was

retaliatory for her filing a complaint with the Equal Opportunity Employment Commission

(EEOC) in 1999.  Plaintiff was appointed counsel on June 21, 2006.  With approval of this

Court, plaintiff filed the Amended Complaint on June 22, 2006.  See Docket Entry #31.

Defendants now move for dismissal, or alternatively, for summary judgment for the

reasons set forth below.

III.    **STANDARD OF REVIEW**

A.    **Dismissal pursuant to FRCP  12(b)(6)**

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court

must consider the facts presented in the pleading as true and construe them and all reasonable

inferences in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods

Assn.,* 387 U.S. 167, 172 (1967)).  The court need not consider inferences that are unsupported

by the facts or legal conclusions framed as facts.  *See Kowal v. MCI Communications Corp.,* 16

F.3d 1271, 1276 (D.C. Cir. 1994).  The motion can be granted, and the complaint dismissed, only

if no relief could be granted upon those facts.  *See Id.*

> B.    **Judgment Pursuant to FRCP 56(c)**

Pursuant to the Federal Rules of Civil Procedure, summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law."  FRCP 56(c).  "[T]he plain language of Rule

56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which the party will bear the burden of proof at

trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The mere existence of a factual

dispute will not preclude summary judgment. Only factual disputes that may determine the

outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty

Lobby, Inc.,* 477 U.S. 242 (1986).  To be a genuine fact, the assertion must be supported by

sufficiently admissible evidence and cannot be based on conclusory allegations, denials or

opinions. *Crenshaw v. Georgetown University,* 23 F.Supp. 2d. 11 (D.D.C. 1998).

III.    **PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS WILLIAMS
        AND YORK FOR WHICH SHE IS ENTITLED TO RELIEF.**

> A.    **Plaintiff's Complaint Does Not Satisfy FRCP 8.**

Fed. R. Civ. P. 8(a) governs the content and format of a plaintiff's complaint.

Specifically required are (1) the grounds for jurisdiction, (2) a short and plain statement of the

claim, and (3) a demand for relief.  Plaintiff's Amended Complaint fulfills none of these

requirements.  Plaintiff's Amended Complaint reads as a response to defendants' previously filed

Motion for Summary Judgment, not as a pleading intended to provide defendants with notice of a

claim against them so that they may file a responsive pleading. *See Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002) (explaining that Rule 8(a) is intended to give

notice to defendants of plaintiff's claim and the grounds on which it rests).  In addition, plaintiff

does not specifically attribute any of the conduct in her Amended Complaint to the two named

defendants.  Neither defendant Williams' nor defendant York's name appears anywhere in the

Amended Complaint.  Accordingly, the Amended Complaint must be dismissed.

> **B.    Fed R. Civ. P. 9 Requires Dismissal of Plaintiff's Amended Complaint.**

Fed. R. Civ. P. 9(f) provides that "[f]or the purpose of testing the sufficiency of a

pleading, averments of time and place are material and shall be considered like all other

averments of material matter."  Plaintiff's Amended Complaint fails to reference a specific date

or a place with respect to any incident that may be the subject of this litigation.  Thus, defendants

are unable to respond to any averments made by plaintiff.  Therefore, dismissal is appropriate.

> **C.    Plaintiff's Complaint Does Not Satisfy the Requirements of FRCP 10.**

Fed. R. Civ. P. 10(a) provides that "[e]very pleading shall contain a caption setting

forth…the title of the action....  In the complaint, the title of the action shall include the names of

all the parties...."  Plaintiff's Amended Complaint fails to include the names of all the parties

within the title of the action.  Additionally, plaintiff's Amended Complaint also runs afoul of

Fed. R. Civ. P. 10(b), which provides that "all averments of claim or defense shall be made in

numbered paragraphs...  Each claim founded upon a separate transaction or occurrence…shall be

stated in a separate count…."  Plaintiff's Amended Complaint does not contain averments made

in numbered paragraphs, nor does it separate any averments according to specific counts.

Defendants are unable to respond to or assert any defenses to the Amended Complaint because it

is impossible to determine exactly what constitutes plaintiff's alleged cause(s) of action.

Therefore, dismissal is appropriate.

#### D.    Defendants Williams and York May Not Be Held Liable Under Title VII.

Plaintiff has filed discrimination claims under Title VII of the Civil Rights Act of 1964

against defendants Anthony Williams and Elwood York.  These defendants are entitled to

judgment as a matter of law because individual liability is not provided for and/or contemplated

by Title VII.  *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory

employee may be joined as a party defendant in a Title VII action, that employee must be viewed

as being sued in his capacity as the agent of the employer, who is alone liable for a violation of

Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that

relief granted under Title VII is against the employer, not individual employees whose actions

constituted a violation of Title VII).  Accordingly, plaintiff's Title VII claims against these

defendants must be dismissed.

### IV.    SUBSTITUTION OF THE DISTRICT OF COLUMBIA WOULD BE FUTILE BECAUSE PLAINTIFF CANNOT PROVE AN ADVERSE ACTION AND HER CLAIM AGAINST THE DISTRICT CANNOT BE MAINTAINED.

Plaintiff seeks relief under Title IV, pursuant to the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12112(a), and for retaliation against defendants Williams and York.  To

prevail under each claim, plaintiff must prove that she suffered an adverse employment action.

*See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973) (holding that the elements of

the *prima facie* case of discrimination are:  (1) that plaintiff belongs to one or more protected

classes; (2) that plaintiff was qualified for, and performing to the legitimate expectations of her

position; (3) plaintiff was subjected to an adverse action; and (4) a substantial factor in the

decision to take the adverse action was plaintiff's membership).  *See also*, *Barnett v. U.S. Air,*

*Inc.,* 157 F.3d 744, 748 (9th Cir. 1998); *accord Wilson v. International Brotherhood of*

*Teamsters, et al.,* 47 F. Supp. 2d 8, 1999 U.S.Dist. Lexis 5913 (D.C. 1999) (requiring plaintiff to

show that she was a disabled person within the meaning of the ADA, was able to perform the

essential functions of the job with or without reasonable accommodation, and also suffered an

adverse employment action).

Plaintiff's claims cannot survive because she did not suffer an adverse employment

action.  Plaintiff was not terminated from employment.  See Exhibit #2, Initial Decision of OEA

and Exhibit #3, Hearing Examiner's Report and Recommendation.  Plaintiff received workers'

compensation payments retroactive to her February 26, 2002, injury.  Exhibit #1, Final

Compensation Order.  Because plaintiff has not suffered any adverse employment action, her

claims fail as a matter of law.  Accordingly, it would be futile to substitute the District as the

party defendant in this case because plaintiff cannot maintain any cause of action against it.

WHEREFORE, defendants Anthony Williams and Elwood York pray that this Court

dismiss the action against them or grant them summary judgment as a matter of law.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> __\s_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV
>
> ___\s_____
> MICHAEL P. BRUCKHEIM [455192]
> Assistant Attorney General
> 441 4TH Street, NW, 6th Floor-South
> Washington, D.C.  20001
> 202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDNA McMANUS, | ) | |
| | ) | CA No.: 05-1621 (EGS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY WILLIAMS, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS ANTHONY WILLIAMS AND ELWOOD YORK'S STATEMENT OF**
**MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE**

In support of the Motion for Summary Judgment, the defendants herein submit a

Statement of Facts to Which There is No Genuine Issue, and for purpose of this motion only,

state as follows:

1.      On January 20, 2004, the District of Columbia Office of Employee Appeals

(OEA) denied plaintiff's appeal of her February 28, 2003, proposed termination as moot because

she was never terminated from her position and had been receiving workers' compensation

benefits.  Exhibit #2, Initial Decision of OEA.

2.      On February 2, 2006, the Public Employee Relations Board dismissed plaintiff's

complaint, finding that she failed to state a claim of wrongful termination because she was never

terminated from employment. Exhibit #3, Hearing Examiner's Report and Recommendation.

     Respectfully submitted,

     ROBERT J. SPAGNOLETTI
     Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


__\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


___\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th  Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDNA McMANUS,                              )
                                          )        CA No.: 05-1621 (EGS)
          Plaintiff,                      )
                                          )
     v.                                   )
                                          )
ANTHONY WILLIAMS, *et. al.*,              )
                                          )
          Defendants.                     )
_____)

**ORDER**

Upon consideration of Defendants Anthony Williams and Elwood York's Motion to

Dismiss the Amended Complaint, the Memorandum in Support thereof, plaintiff's opposition, if

any, and the facts and law considered, it is hereby:

ORDERED:  that the Motion to Dismiss the Amended Complaint is GRANTED for the

reasons set forth in the motion; and it is further,

ORDERED: that judgment be entered on behalf of defendants Williams and York.

So ORDERED this _____ day of _____, 200_.


_____
The Honorable Judge Sullivan
United States District Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EDNA McMANUS,                          )
                                       )        CA No.: 05-1621 (EGS)
    Plaintiff,                         )
                                       )
    v.                                 )
                                       )
ANTHONY WILLIAMS, *et. al.,*            )
                                       )
    Defendants.                        )
_____ )

**<u>ORDER</u>**

Upon consideration of defendants Anthony Williams and Elwood York's Motion for

Summary Judgment, the Memorandum in Support thereof, plaintiff's opposition, if any, and the

facts and law considered, it is hereby:

ORDERED:  that the Motion for Summary Judgment is GRANTED for the reasons set

forth in the motion; and it is further,

ORDERED: that judgment be entered on behalf of defendants Williams and York.

So ORDERED this _____ day of _____, 200_.


_____
The Honorable Judge Sullivan
United States District Court for the District of Columbia