UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, | ) |
| | ) |
| Plaintiff, | )   CA No.: 05-1621 (EGS) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| ANTHONY WILLIAMS | ) |
| ELWOOD YORK | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

The Plaintiff, through Counsel James Q. Butler, Esquire, hereby files this Response to Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment.  In support of this motion, Defendants rely on FRCP 12(b) and 56(c) and cite FRCP 8, 9 and 10 as grounds therefore.  This motion should be denied for the reasons outlined below.

**I.     STANDARD OF REVIEW**

**Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Fed.R. Civ.P. 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts to support the allegations. *Conley v. Gibson* . 355 U.S. 41 at 48 (1957); *District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979);  *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969); See also *Revene v. Charles County*, 882 F. 2d 870, 872.

As defendants' point out in their motion to dismiss, in reviewing the sufficiency of a complaint, "[t]he allegations of plaintiffs' complaint must be assumed to be true, and further, must be construed in their favor." *Scheuer v. Rhodes, 416 U.S. 232 (1974).* The Supreme Court further explained, in *Scheuer*, that "[W]hen a federal court reviews the sufficiency of a complaint … either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

In *Conley*, Justice Black stated that, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Accordingly,  Rule 8(f) FRCP states that all pleadings shall be construed to do substantial justice."

**Federal Rule of Civil Procedure 56(c)**

In interpreting  Rule 56(c), the Supreme Court has held that the party moving for summary judgment has the burden of showing the absence of a genuine issues as to any material fact and that the evidentiary material proffered by the moving party in support of its motion must be viewed in the light most favorable to the opposing party. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985).*

In the present case, there is a genuine issue of fact as to whether or not plaintiff was terminated from her position.  Defendants' claim that she was not terminated, however, Plaintiff has clearly established, in her Amended Complaint, that there is sufficient question as to whether

Plaintiff was terminated from her position, *such that a reasonable finder of fact could return a verdict in Plaintiff's favor* (emphasis added).

Pursuant to the standards and precedent set out above, Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment must be denied. For the reasons stated below, Plaintiff's Amended Complaint satisfies the pleading requirements of Rules 8 and 9 and 10. Dismissal under Rule 12(b)(6) and/or Rule 56(c) would, therefore, not be appropriate.

II. **PLAINTIFF'S AMENDED COMPLAINT MEETS THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8**

In the Amended Complaint, plaintiff adopted by reference the allegations that were properly raised in her original Complaint. However, Defendants ignored this incorporation by reference and have moved for dismissal, alleging that Plaintiff's Amended Complaint fails to meet the requirements of Fed. R. Civ. P. 8(a). This motion should be denied as Plaintiff's original complaint, which was incorporated by reference into the Amended Complaint, clearly states that this Court has jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C 20003, et. Seq. and Section 504 of the American with Disabilities Act of 1990, 42 U.S.C. 12101, Title I, Section 102. Furthermore, the original complaint, which was incorporated by reference into the amended complaint, meets the "short and plain statement" and "demand for relief" requirements of Fed.R.Civ.P. 8(a).

III. **PLAINTIFF'S AMENDED COMPLAINT SATISFIES FEDERAL RULE OF CIVIL PROCEDURE 9**

Defendants have also moved this court for dismissal under Fed.R.Civ. P. 9(f), claiming that Plaintiff's Amended Complaint fails to reference a date or a place with respect to any

incident that may be the subject of this litigation. This motion should be denied as the plaintiff's original complaint, incorporated by reference into the Amended Complaint, clearly outlines the incidents that are the subject of this litigation by both time and place.

### IV. PLAINTIFF'S AMENDED COMPLAINT MEETS THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 10

**Plaintiff's Complaint Satisfies the Requirements of FRCP 10(a)**

Defendants also assert that the plaintiff's Amended Complaint fails to name all parties and should, therefore, be dismissed. However, this argument falls short. On May 31, 2006, the plaintiff filed a motion to substitute the District of Columbia for the named Defendants, Anthony Williams and Elwood York. Although it appears from the docket that, on June 22, 2006, The Honorable Emmet G. Sullivan granted this motion in a Minute Order, it is not apparent. Since it was unclear whether the court had granted the motion to substitute the District of Columbia as the named party, and in the interest of judicial economy, and with the intent to include all parties on the docket, Plaintiff's counsel captioned the Amended Complaint, "Anthony Williams, et al." Therefore, the defendants' argument that plaintiff's Amended Complaint fails to name all parties must fail. Dismissal would not be appropriate as it would deny the plaintiff the opportunity to have her claims heard before this Court. Alternatively, plaintiff asks this court for leave to amend the caption.

**Plaintiff's Complaint Satisfies the Requirements of FRCP 10(b)**

Defendant further attempts to state that plaintiff's Amended Complaint "runs afoul" of FRCP 10(b) by arguing that the amended complaint, 1) does not contain averments in numbered

4

paragraphs and, 2) does not seperate averments according to specific counts. This argument must also fail as plaintiff's original complaint, which was incorporated by reference into the Amended Complaint, clearly enumerates the plaintiff's claims and they are so numbered 1 through 14. *See original Complaint at 2-3*.

### V. PLAINTIFF'S CLAIM AGAINST DEFENDANTS WILLIAMS AND YORK

As stated above, May 31, 2006, the plaintiff filed a motion to substitute the District of Columbia for the named Defendants, Anthony Williams and Elwood York. Therefore, there is no need to rule on Defendants' motion to dismiss the complaint as to Anthony Williams and Elwood York.

### VI. SUBSTITUTION OF THE DISTRICT OF COLUMBIA IS PROPER AND THE COMPLAINT SHOULD NOT BE DISMISSED AS PLAINTIFF HAS, INDEED, SUFFERED AN ADVERSE ACTION

Defendants attempt to argue that substitution of the District of Columbia as the proper party defendant would be futile on the grounds that Plaintiff has not properly alleged a disability that is protected by the Americans with Disabilities Act (ADA). Essentially, the defendants request that this court join in their convoluted approach to due process and agree with the defendants that all of the pain inflicted upon the plaintiff is legal and that all of the convoluted proceedings, prior to this case negate any claim by the plaintiff.

The defendants state at Page 8 of their Motion to Dismiss, or Alternatively, for Summary Judgment that the plaintiff, "DID NOT SUFFER AN ADVERSE EMPLOYMENT ACTION" (emphasis added). However, the following indisputable facts show that this assertion is untrue

5

an not factually supported.

    1.    Plaintiff received a letter dated February 20, 2003, from Marvin L. Brown, D.C. Department of Corrections Deputy Director for Operations which states the following: "You will be terminated from your position of Lead Legal Instruments Examiner, effective at the close of business on Friday, February 28, 2003 …You are to immediately return all building keys, office keys, security badge(s), telephone, computer, Jaccs passwords, uniforms, procurement card, driver license and any and all government property issued to you as a District Government employee."

    2.    On February 26, 2003, Plaintiff filed an appeal, of this termination action, with the District of Columbia Office of Employee Appeals (OEA). The OEA issued a decision *a year later*, on January 20, 2004. In this decision the OEA erroneously concluded that the termination action against Plaintiff had been rescinded prior to its effective date and was, therefore, moot. Consequently, Plaintiff's appeal was never adjudicated. It is important to note, however, that Plaintiff had received no notification whatsoever to indicate that she was still employed with the District of Columbia Department of Corrections and that the termination action had been rescinded.

    3.    The termination action was never rescinded. In fact, Plaintiff did not receive any Worker's Compensation benefits until May 2003. As of that time, she still had not received any notice indicating that she was still employed.

    4.    In late January, 2004, Plaintiff received a letter, back-dated to January 2, 2005, stating, "that the Final Notice of Decision issued to you on February 20, 2003, that ***removed*** (emphasis added) you from the Department of Corrections effective February 28, 2003 is

herewith rescinded." Curiously, Plaintiff did not receive this back-dated letter until after she indicated, during an OEA Board hearing on Jan 8, 2004, that she had never received any notice that the termination action against her had been lifted.

     5.     Essentially, the plaintiff remains in terminated status. To date, she is not employed and has no position to which she can return. Plaintiff's assertion that she was terminated from her position, and that she remains terminated, is underscored by the fact that her position as Lead Legal Examiner was advertised on April 10, 2003 in DCOP Position Vacancy Announcement Number FL(25)03-06. *See Plaintiff's Exhibit #1.* Plaintiff was the last person to occupy that position at the 1901 D Street, SE location before this announcement was posted.

The question in this case is one of termination that was wrongful, illegal and discriminatory. The fact that the termination was in error is not an issue. The question is whether the loss of employment, under what the District termed as TERMINATION (emphasis added) was legal.

In his letter, dated January 2, 2004, Deputy Director James L. Anthony states, "I note for the record that you were never officially removed from the department as a result of the Final Decision…" *See Plaintiff's Exhibit #2, 2nd paragraph.* This is a Catch 22. Mr. Anthony never states that the plaintiff was not fired. Instead, he states, "you were not officially removed from the department as a result of the Final Decision…" Mr. Anthony creates a Catch 22 by telling the plaintiff she is [1] terminated, yet not officially removed, [2] placed on L.W.O.P. and [3] subject to compensation relief all at the same time. It appears that Mr. Anthony, trips over his own words. It is unclear how an employee could be simultaneously terminated, yet not officially removed, and also on L.W.O.P. status.

The plaintiff was fired as she was essentially accused of not providing an explanation for her absence from work. *See Plaintiff's Exhibit #3, September 10, 2002 letter from Steven Smith.* The firing was then ruled to be illegal by the OEA. *See Plaintiff's Exhibit #4, January 20, 2004, O.E.A. Ruling, page 2, paragraph 4.* The subsequent compensation award is proof positive that the plaintiff was absent for good cause. This is contrary to the stated reason for her termination, which was, "absent without cause" or L.W.O.P.

The termination, or the District's secondary backfield position of L.W.O.P., and the District's failure to admit that the termination was improper has economically harmed this plaintiff in a discriminatory manner. All of the events, starting with the wrongful termination and ending with the refusal to re-instate, have economically, emotionally and professionally harmed this plaintiff. The District of Columbia discriminatory failure to re-instate the plaintiff under the ADA is especially egregious because the error in termination was known to the District at all times relevant hereto.

To date, the District of Columbia has not admitted that the plaintiff is not terminated. The mere acquiescence to allow compensation benefits is not an admission of error on the part of the District of Columbia, nor is it an offer to re-instate. The plaintiff remains terminated up to this day. This plaintiff has suffered injury caused by the Defendants' act of denying Plaintiff access to benefits and income to which she is legally entitled.

There is no doubt that the plaintiff was terminated and that the defendants failed to re-instate her. There is no distinction between being fired and being forced into a position of leave without pay. The result is the same. That is, plaintiff is left without a paycheck to which she is legally entitled.

Perplexingly and despite various rulings that the termination was wrongful, the District of Columbia continues to ignore the plaintiff by classifying her termination as L.W.O.P status.  This gives rise to a Claim for Discriminatory Refusal to Reinstate.  The First, Third, Fourth, Tenth, and Eleventh Circuits expressly recognize discriminatory failure to reinstate as a separately actionable claim.  *See EEOC v. City of Norfolk Police Dep't, 45 F.3d 80 (4th Cir.1995); Samuels v. Raytheon Corp., 934 F.2d 388 (1st Cir.1991); EEOC v. Hall's Motor Transit Co., 789 F.2d 1011 (3d Cir.1986); Burnam v. Amoco Container Co., 755 F.2d 893 (11th Cir.1985) (per curiam); Poolaw v. City of Anadarko, 660 F.2d 459 (10th Cir.1981).*

There is no need to exhaust remedy on the Claim for Discriminatory Refusal to Reinstate.  Various Federal Appellate Courts construe charges filed before the EEOC liberally.  *See Stache v. Int'l Union of Bricklayers & Allied Craftsmen, 852 F.2d 1231, 1233 (9th Cir.1988).*  "Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.  *B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100(9th Cir.2002) (quoting Farmer Bros. Co., 31 F.3d at 899).*  In *Couveau v. American Airlines, Inc., 218 F.3d 1078, 1082 (9th Cir.2000) (per curiam)*, it was held that a wrongful termination claim was encompassed in a failure-to-reinstate charge, stating that the termination is "unquestionably like or reasonably related to" the allegations of discrimination in the refusal to reinstate charge.

In the present case, Plaintiff's refusal-to-reinstate claim is similarly unquestionably related to her termination claim.  The same employer allegedly refused to reinstate her for the same discriminatory reason that allegedly caused her termination.  Any administrative

investigation of her termination claim would have necessarily encompassed the grievance proceeding. Thus, the Plaintiff has exhausted her claim for discriminatory refusal to reinstate.

Plaintiff's claims are meritorious under the A.D.A. 42 U.S.C. § 12101 et. seq. The fact that Ms. McManus has been injured physically, as well as financially due to the loss of her benefits, retirement income, C.O.L.A. increases and promotional raises, is discriminatory under the ADA.

**WHEREFORE, all premises considered,** plaintiff prays this honorable court deny the defendants' Motion to Dismiss or, Alternatively, for Summary Judgment and set this matter for jury trial.

Dated this 3rd day of October, 2006

Respectfully submitted,

By:_____/s/_____
      James Q. Butler, Esq.
      Attorney at Law
      Butler Legal Group, PLLP
      818 18th Street, NW, 10th Floor
      Washington, DC 20006
      (202) 223-6767

## CERTIFICATE OF SERVICE

I, James Butler, hereby certify that on this 3rd day of October, 2006, I mailed the Original and one copy to the clerk of the court, and a true and correct copy of the foregoing was mailed via first class mail to the following counsel of record:

Michael P. Bruckheim, Esq.
Assistant Attorney General
414 4th Street, Northwest
6th Floor South
Washington, D.C. 20001


By:_____/s/_____
            James Butler

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA McMANUS,            ) | |
|                          ) | |
|     Plaintiff,           ) | **CA No.: 05-1621 (EGS)** |
|                          ) | |
| v.                       ) | |
|                          ) | |
| DISTRICT OF COLUMBIA     ) | |
| ANTHONY WILLIAMS         ) | |
| ELWOOD YORK              ) | |
|                          ) | |
|     Defendants.          ) | |
| _____) | |

## **ORDER**

Upon consideration of Plaintiff Edna McMcManus' Response in Opposition to Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment, and the facts and law considered, it is hereby:

ORDERED that the Motion to Dismiss the Amended Complaint is DENIED for the reasons set for in the Response in Opposition; and it is further,

ORDERED:  that this matter is set for jury trial.

So ORDERED this _____ day of _____, 200_.


_____
The Honorable Judge Sullivan
United States District Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA McMANUS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>ANTHONY WILLIAMS )<br>ELWOOD YORK )<br>)<br>    Defendants. )<br>_____) | **CA No.: 05-1621 (EGS)** |

**ORDER**

Upon consideration of Plaintiff Edna McMcManus' Response in Opposition to Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment, and the facts and law considered, it is hereby:

ORDERED that the Motion for Summary Judgment is DENIED for the reasons set for in the Response in Opposition; and it is further,

ORDERED:  that this matter is set for jury trial.

So ORDERED this \_\_\_\_\_ day of _____, 200\_.

_____
The Honorable Judge Sullivan
United States District Court for the District of Columbia