UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1621 (EGS) |
| ANTHONY WILLIAMS, et al., | ) |
| Defendants. | ) |

MEMORANDUM OPINION

 Plaintiff, a former employee of the District of Columbia Department of Corrections ("DOC"), initiated this action by filing a *pro se* complaint alleging that she was terminated for discriminatory reasons and in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). She names as defendants Anthony Williams, former Mayor of the District of Columbia, and S. Elwood York, Jr., Director of the DOC. Plaintiff alleges that defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

 Plaintiff has retained counsel and filed an amended complaint. Defendants have moved to dismiss the amended complaint or, alternatively, for summary judgment. Based on the parties' filings, the existing record, and the applicable law, defendant's motion will be granted.

I.  BACKGROUND

 Ms. McManus was employed by the DOC as a Lead Legal Instruments Examiner.

Compl. at 1.[1] On June 26, 2002, she sustained carpal tunnel hand injuries. *Id.* ¶ 1. The next day, after being diagnosed with the disability, plaintiff notified the District of Columbia Disability Compensation Program that she had carpal tunnel syndrome. *Id.* ¶¶ 2, 3.

Plaintiff alleges that despite medical documentation, on six separate occasions, DOC denied her request for leave without pay and advance leave. *Id.* ¶ 5. On September 19, 2002, former DOC Warden Steven Smith charged plaintiff with unauthorized absences and for being absent without leave. *Id.* ¶ 6. As a result, on December 9, 2002, plaintiff claims that an administrative hearing examiner found that she had abandoned her job position and recommended that she be terminated from employment. *Id.* ¶ 8. She alleges that this decision was erroneous and that she was terminated from DOC effective February 28, 2003. *Id.* ¶ 9.

On April 4, 2003, the District of Columbia Department of Employment Services issued a Final Compensation Order, finding that plaintiff was entitled to temporary total disability benefits for her work-related wrist injury. Defts.' Mot. to Dismiss or, Alternatively, for Summ. J., Exh. 1. In addition to the workers' compensation action, plaintiff filed a petition for appeal to the Office of Employment Appeals ("OEA") based on her alleged termination from DOC. *Id.* Exh. 2. On January 20, 2004, the OEA found plaintiff's petition to be moot because (1) her termination never became effective because of the worker's compensation determination; and (2) she was receiving disability benefits. *Id.*

On May 15, 2003, plaintiff filed an unfair labor practice complaint against the DOC to the District of Columbia Public Employee Relations Board ("PERB"). *Id.* Exh. 3. She alleged that

---

[1] The amended complaint incorporates the original complaint by reference. *See* Amend. Compl. at 5.

the DOC violated the Comprehensive Merit Personnel Act, D.C. Code § 1-617.03, in terminating her for attendance-related reasons. *Id.* The PERB dismissed plaintiff's claim on the ground that she was never terminated from her position. *Id.*

## II. STANDARD OF REVIEW

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on this motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997). " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Defendants also move for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. Rule 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). A genuine issue of

material fact is one capable of affecting the outcome of the litigation that is supported by admissible evidence sufficient for a reasonable trier-of-fact to find in favor of the non-moving party. *Anderson*, 477 U.S. at 247-48.

In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255. The party opposing a motion for summary judgment, however, " may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, any factual assertions in the movant' s affidavits will be accepted as being true unless the opposing party submits her own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).

III. DISCUSSION

A. Sufficiency of Complaint

Defendants assert that the amended complaint should be dismissed because it does not comply with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure requires that plaintiff provide a "short and plain statement" of the facts that she believes support her claims. The complaint need only give the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). It is not necessary for the plaintiff to plead all elements of her *prima facie* case in the complaint, *Swierkiewicz*, 534 U.S. at

511-14, or "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted). Dismissal is usually reserved for those cases in which the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Rules 9(f) and 10(a) supplemental Rule 8 by requiring that the parties aver the time and place of the claims, provide an appropriate caption and names of the parties, and that the pleading comply with certain formal requirements. Plaintiff alleges that the amended complaint does not comport with any of the pleading rules.

The first issue to be addressed is which pleading is operable here, the original complaint or the amended one. Ordinarily, an amended complaint supersedes the original and renders it of no legal effect. *Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004); *Dorchy v. WMATA*, 45 F. Supp. 2d 5, 7 (D.D.C. 1999). However, this principle does not apply if the amended complaint specifically refers to and incorporates by reference the earlier pleading. *El-Haddad v. Embassy of the U.A.E.*, 69 F. Supp. 2d 69, 71 n. 1 (D.D.C.1999)(quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)); *see also Harrison v. Lappin*, 04-61, 2005 WL 752186, at *1 n. 2 (D.D.C. Mar. 31, 2005) (construing amended complaint as supplement to original where incorporated by reference). Since plaintiff's amended complaint incorporates by reference the original complaint, the Court will consider both pleadings for purposes of evaluating whether plaintiff has properly stated a claim.

The original complaint complies with the pleading requirements of the Federal Rules of Civil Procedure. The *pro se* pleading states a factual and legal basis for plaintiff's discrimination

claims, identifies the defendants and contains numbered paragraphs. Therefore, the complaint is sufficiently pled by plaintiff and defendants' motion will be denied on this ground.

## B. Employee Liability

Plaintiff has named as defendants two employees of the District of Columbia. The District of Columbia is not named as a defendant. Title VII only applies to an employer, not to individual employees. 42 U.S.C. § 2000e(b); *see also Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *McMillian v. Dist. of Columbia*, No. 04-2036, 2006 WL 3749517, at *3 (D.D.C. Dec. 21, 2006).[2] Moreover, government official may be held personally liable only if sued in an individual rather than an official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). Since the individual defendants are only named in the complaint because of their official capacities, the District of is the sole proper party and the individual defendants must be dismissed. *Id.*

## C. Discrimination Claims

Plaintiff alleges that the DOC terminated her employment in violation of Title VII and the ADA. In order to prevail in a Title VII case, a plaintiff initially must establish a *prima facie* case of prohibited discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).[3] If the plaintiff succeeds in establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged action. *Id.*

---

[2] The powers remedies, and procedures of Title VII apply to ADA claims. 42 U.S.C. § 12117(a); *see also Stewart v. Dist. of Columbia*, No. 04-1444, 2006 WL 626921, at *3 (D.D.C. Mar. 12, 2006).

[3] The *McDonnell Douglas* test also applies to ADA claims. *Hall v. Giant Food, Inc.*, 175 F.3d 1074, 1077 (D.C. Cir. 1999).

Once the defendant proffers a sufficient non-discriminatory reason, the burden shifts to the plaintiff to produce some evidence, either direct or circumstantial, to show that defendant's proffered reason is a pretext for discrimination. *Id.; see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 147-49 (2000).

To establish a *prima facie* case of discrimination, the plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) other similarly situated employees from outside the protected class were not subject to that action. *McDonnell Douglas Corp.*, 411 U.S. at 802; *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002). Defendants do not dispute that plaintiff is a member of a protected class, but move for summary judgment on the ground that she did not suffer an adverse employment action.

When alleging employment discrimination under federal law an employee must show that she has suffered an adverse employment action, because under Title VII there must be an injury, and therefore "[a]n employee must first be 'aggrieved' in order to bring an action." *Brown v. Brody*, 199 F.3d 446, 455 (D.C. Cir. 1999). A determination of whether the challenged action constitutes an adverse employment action should focus on "ultimate employment decisions" such as "hiring, granting leave, discharging, promoting, and compensating," not intermediate decisions "having no immediate effect upon employment decisions." *Taylor*, 132 F.3d at 764. Employer actions short of outright firing can be adverse, but not all lesser actions count for purposes of Title VII liability. *Forkkio v. Powell*, 306 F.3d 1127, 1130 (D.C. Cir. 2002). "Discharge, demotion, or undesirable reassignment" are recognized examples of an adverse employment action for which an employee can bring a Title VII claim. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

A plaintiff must also demonstrate that she has suffered an objectively tangible harm. *Brown*, 199 F.3d at 457. "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). Purely subjective injuries, such as dissatisfaction with reassignment or public humiliation or loss of reputation are not adverse actions. *Forkkio*, 306 F.3d at 1130-31.

Plaintiff alleges that she was wrongfully terminated from her employment. However, the administrative agencies that have considered plaintiff's claim have all concluded that she was not terminated. In addition, plaintiff acknowledges that she was awarded workers' compensation benefits for the time period alleged in the complaint. Because of this compensation, plaintiff has not suffered an adverse employment action. *See Raymond v. U.S. Capitol Police Bd.*, 157 F. Supp. 2d 50, 60 (D.D.C. 2001); *Rowland v. Riley*, 5 Supp. 2d 1, 4 (D.D.C. 1998). She has failed to establish a necessary element of a *prima facie* case of discrimination, and defendants are entitled to summary judgment on her claims.[4]

### III. CONCLUSION

There are no genuine issues of material fact concerning plaintiff's claims. Accordingly, defendants' motion for summary judgment will be granted. A separate order will accompany this Memorandum Opinion.

                                                                                       /s/
                                            EMMET G. SULLIVAN
                                            United States District Judge

DATE: 2-22-07

---

[4] Plaintiff has not alleged sufficient facts to support her retaliation claim. There is a paucity of evidence to suggest a causal link between plaintiff's 1999 EEOC complaint and the actions taken by DOC in 2002.